IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**HENRY GIBBS, JR.**                                                                                   **PLAINTIFF**

**V.**                                                                          **NO. 4:16-CV-12-DMB-JMV**

**DOCTOR SANTOS**                                                                         **DEFENDANT**

## ORDER DENYING RECONSIDERATION

Before the Court is Henry Gibbs, Jr.'s "Objections to the Court Order Revoking Plaintiff Henry Gibbs, Jr.['s] in Forma Pauperis Status." Doc. #13. Construing Gibbs' objections as a motion for reconsideration of the Court's May 27, 2016, order revoking Gibbs' in forma pauperis status, Doc. #11, reconsideration will be denied for the reasons below.

## I
## Procedural Background

On January 21, 2016, Henry Gibbs, Jr., filed a prisoner complaint challenging the conditions of his confinement under 42 U.S.C. §1983. Doc. #1. On April 26, 2016, an order was entered granting Gibbs' motion to proceed in forma pauperis. Doc. #7. Due to Gibbs having violated the "three strikes" provision of the Prison Litigation Reform Act, this Court entered an order on May 27, 2016, revoking his in forma pauperis status and giving him twenty-one days to pay the filing fee before his complaint was dismissed. Doc. #11.

On June 13, 2016, Gibbs filed the instant motion asking the Court to reinstate his in forma pauperis status, arguing that although he has accumulated at least three strikes, he falls within the "under imminent danger of serious physical injury" exception set forth in 28 U.S.C. §1915(g). Doc. #13. Subsequently, on June 27, 2016, Gibbs filed a notice of appeal of the Court's decision to revoke his in forma pauperis status. Doc. #15.

# II
# Jurisdiction

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *In re Scopac*, 624 F.3d 274, 280 (5th Cir. 2010). However, "if a timely motion [for reconsideration] is made…then a notice of appeal filed after the entry of judgment, but before disposition of the motion, is ineffective until the entry of an order disposing of the motion." *United States v. Redd*, No. 14-60284, 2016 WL 3401741, at *2 (5th Cir. June 20, 2016).

Gibbs filed his motion for reconsideration on June 13, 2016, and subsequently filed his notice of appeal on June 27, 2016. Consequently, the Court retains jurisdiction over Gibbs' motion for reconsideration.

# III
# Analysis

In the order revoking Gibbs' in forma pauperis status, the Court held that, because Gibbs had accumulated at least three strikes under 28 U.S.C. § 1915(g), he is not permitted to proceed as a pauper in his civil case filed under 42 U.S.C. § 1983. Doc. #11. 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Gibbs does not dispute that he has accumulated at least three strikes; instead, he argues that the allegations he asserts in his complaint show that he was "under imminent danger of serious physical injury," which, if true, would permit him to proceed as a pauper despite the three strikes. Doc. #13 at 4.

## A. Under Imminent Danger of Serious Physical Injury

In the Fifth Circuit, an inmate seeking to overcome the "three strikes" provision of the Prison Litigation Reform Act must show that he faced an imminent threat of serious physical injury *at the time he filed suit*. *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998). However, guidance as to what constitutes "imminent danger" is somewhat limited. The Seventh Circuit has held that "in order to meet the imminent danger requirement of §1915(g), the threat or prison condition [must be] 'real and proximate.'" *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003). It has also held that "the exception refers to a 'genuine emergency' where 'time is pressing.'" *Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003).

In support of reconsideration, Gibbs references an 18-year-old opinion involving him issued by the Third Circuit Court of Appeals—*Gibbs v. Cross*, 160 F.3d 962 (3rd Cir. 1998)—in which the court found that he had made the requisite showing of "imminent danger." In that case, the Third Circuit held that "severe headaches, change in voice, mucus that was full of dust and lint, and watery eyes" allegedly suffered by Gibbs as a result of the cell ventilation system emitting particles of dust and lint constituted serious physical injury for purposes of § 1915(g) of the Prison Litigation Reform Act. *Id*. at 965. It further held that the language of § 1915(g) did not require that the "imminent danger" allegation "be accompanied by allegations of an existing serious physical injury in order to bring a prisoner within the statutory exception to the 'three strikes' provision. It is sufficient that the condition poses an imminent danger of serious physical injury." *Id*. at 967.

Gibbs argues in this case that the following assertions from his complaint support a showing of imminent danger of serious physical injury[1]: (1) his health has been jeopardized

---

[1] Gibbs has only one kidney, and many of his allegations revolve around his fear that environmental factors may injure or destroy his remaining kidney.

because he was forced to inhale strong gas fumes, and their unknown elements, between August and December 2015; (2) he was subjected to secondhand smoke from tobacco, marijuana, and "spice" (synthetic marijuana) on a daily basis, which was not healthy for his one remaining kidney; (3) he is being wrongfully denied a CT-scan and MRI by Defendant, Dr. Santos (who provides primary medical care to Mississippi Department of Corrections' inmates), after they were ordered by a radiologist and Dr. Barr, due to an x-ray showing that something was "growing inside of him;"[2] (4) he should be placed in a special needs unit because he is unable to walk from his housing unit to the holding tank and/or the unit 30 clinic due to him having a degenerative spine and being 100% disabled;[3] and (5) Defendant produced false medical records to the investigator during the administrative remedies procedure. Doc. #13 at 4–8.

In order to determine if Gibbs falls within the exception, the Court must determine (1) if Gibbs was facing an "imminent threat of serious physical injury" and if so, (2) if he faced this threat at the time he filed his complaint. In this regard, the Court will address each of Gibbs' arguments in turn.

### 1. Inhalation of gas fumes

Gibbs argues that in early August of 2015, "a gas leak was on A-Zone in Unit 30-B, and the gas fumes were terrible for about four months and in the meantime, Gibbs [had] breathing difficulties, headaches, dizzy spells and one black out due in part to those strong gas fumes." Doc. #13 at 13. Gibbs also contends that one time, he had to be moved in the hallway by an officer due to him being unable to breathe as a result of the fumes. *Id.* According to Gibbs, on August 26, 2015, he was treated for gas fumes inhalation. *Id.*

---

[2] Gibbs contends that Dr. Santos has been at Parchman for over 35 years, is over 80 years old, is legally blind, and cannot read the medical records himself (his nurse reads them to him). Doc. #13 at 6-7.

[3] Gibbs has access to a wheelchair, but due to his left shoulder being injured, he is unable to use it. Doc. #1 at 13.

The Fifth Circuit is clear that an inmate must show a threat of imminent danger *at the time* he files suit. *Banos,* 144 F.3d 883. Gibbs' alleged exposure to "fumes" occurred between the months of August and December and ended *before* he filed suit on January 21, 2016. As such, he cannot use these conditions to establish "imminent danger" and overcome the effect of his three strikes.

### 2. Secondhand smoke

Gibbs next alleges that he has repeatedly been exposed to environmental smoke from tobacco, marijuana, "spice" (synthetic marijuana), "wicks" made from tightly rolled toilet paper, and other burning substances. Doc. #1 at 16; Doc. #13 at 5. He is afraid that exposure to these substances will cause damage to or destruction of his remaining kidney. Though the United States Supreme Court has recognized unreasonable levels of exposure to environmental tobacco smoke as a valid §1983 claim, *Helling v. McKinney*, 509 U.S. 25 2475 (1993), the Fifth Circuit has rejected the contention that it poses an *imminent* danger sufficient to overcome the "three strikes" provision of 28 U.S.C. § 1915(g). *Foster v. Unidentified Party*, 34 Fed. App'x. 963, 2002 WL 663757 (5th Cir. 2002) (per curiam) (unpublished).

Beyond Gibbs' fear that the exposure to secondhand smoke will harm his remaining kidney, he has not shown the Court how the exposure poses an imminent danger to him.[4] Nor has Gibbs alleged any physical symptoms that have resulted from the exposure. As such, the Court declines to find that his exposure to secondhand smoke constitutes "imminent danger" as contemplated by §1915(g).[5]

---

[4] There is nothing in the record to support a showing that Gibbs' exposure to the secondhand smoke has caused, or is causing, him health problems.

[5] The Court notes that, based on the record, it is impossible to determine if this is an ongoing problem. In Gibbs' motion for reconsideration, he speaks of the exposure to secondhand smoke as if it was in the past. *See* Doc. #13.

### 3. CT-Scan and MRI

Gibbs argues that the denial of diagnostic testing in the form of a CT-scan or MRI, which was allegedly ordered by a radiologist, poses imminent danger to him. Doc. #13 at 6. Gibbs contends that such testing is necessary due to there being something "going on inside [him]." However, Gibbs failed to allege this in his original complaint.[6] Doc. #1. In his motion to reconsider, Gibbs states that "in *April of 2016* … a radiologist recommended a CT scan." Doc. #13 at 6 (emphasis added). Because Gibbs failed to allege this in his complaint filed January 21, 2016, the Court declines to consider it, or alter its order, based on the argument.[7]

### 4. Transfer

Gibbs also argues that he is housed about a quarter mile from his unit's clinic and holding tank (where he is picked up to go to medical for physical therapy and other treatment) and that, due to a degenerative back condition, walking the quarter mile is too painful. Doc. #13 at 15. Gibbs would like to be moved from his current location to a unit set aside for inmates with disabilities. *Id*. In support, Gibbs provides a "Medical Follow-Up Form" from Defendant ordering that he is given lay-in meals for one year. Doc. #1 at 19. The form does not give the reason for the lay-in meals but Gibbs contends that it is because it is painful for him to walk the distance to the cafeteria. *Id.* at 5. Gibbs argues that the cafeteria is a shorter distance than the clinic and holding tank and, as such, he should be moved to a unit where he does not have to walk as far. *Id*.

---

[6] The only part of Gibbs' complaint that remotely addresses an MRI is "Exhibit B," which is the second step response form. *See* Doc. #1 at 18. There is nothing to support Gibbs' contention that the radiologist actually ordered a CT scan or MRI.

[7] Even had Gibbs alleged this in his complaint, the Court would not find that it rises to the level of "imminent danger." The Tenth Circuit has held that "deliberate indifference to a prisoner's serious medical conditions has been found to satisfy the imminent danger requirement. *Fuller v. Myers*, 123 F. App'x 365, 367 (10th Cir. 2005) (citing *Hunt v. Uphoff*, 199 F.3d 1220, 1222 (10th Cir.1999)). The Court does not find that Defendant's actions rise to the level of "deliberate indifference." Gibbs is regularly seen by a physical therapist and has received x-rays for his concerns. Doc. #13 at 10-11.

A plain definition of "imminent" means "likely to occur at any moment; impending." *See* www.dictionary.com/ browse/imminent?s=t. The imminent danger exception to § 1915(g) is reserved for threats which are "real and proximate," meaning "a genuine emergency where time is pressing." *Ciarpaglini,* 352 F.3d at 330. Gibbs' argument that it is painful to walk the quarter mile is not enough to rise to the level of "imminent danger." He has not demonstrated any threats of imminent danger if he is not moved to another unit.[8] As such, he cannot use this argument to establish "imminent danger" sufficient to overcome the effect of his three strikes.

### 5. False Medical Records

Lastly, Gibbs argues that Defendant produced false medical reports to the investigator in the administrative remedies procedure. Doc. #13 at 7. Gibbs contends that "the false medical reports were given to cover-up what is really wrong with him (there is something abnormal inside of [Gibbs])." *Id*. Gibbs did not present the Court with anything to support this contention, nor has he shown how this fits within the imminent danger exception of §1915(g). Thus, the Court declines to reconsider its order based on this argument.

## IV
## Conclusion

For the reasons above, Gibbs' motion for reconsideration [13] is **DENIED**. Consequently, Gibbs' pending motions for injunctive relief [6][18] are **STAYED** pending the Fifth Circuit's ruling on Gibbs' appeal of the Court's May 27, 2016, order revoking his in forma pauperis status.

**SO ORDERED**, this 14th day of September, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[8] It is important to note that in Gibbs' motion for reconsideration, he attaches the "First Step Response Form," which states that he will be rehoused to another location. *See* Doc. #13 at 19.